# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

KATHLEEN JEFFERS, individually
and as Administratrix of the Estate of
Bradley Siders, II, deceased,

                      Plaintiff,

v.                                                              CIVIL ACTION NO. 3:19-0462

WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION, formerly West Virginia
Regional Jail and Correctional Facility Authority;
OFFICER RICKY GABERIELSE, individually and as an
agent of West Virginia Division of Corrections and Rehabilitation;
OFFICER JIMMY PINE, individually and as an agent
of West Virginia Division of Corrections and Rehabilitation;
PRIMECARE MEDICAL OF WEST VIRGINIA, INC.;
PSIMED CORRECTIONS, LLC;
ANITA PETITTE, individually and as an employee of
Primecare Medical of West Virginia, Inc. and/or PSIMED
Corrections, LLC; and
JOHN and JANE DOE or DOES,

                      Defendants.

## ORDER

Pending before the Court are Plaintiff Kathleen Jeffers's Motion for Leave to File Amended Complaint, ECF No. 38, and Amended Motion for Leave to File Amended Complaint, ECF No. 41. Under Rule 15 of the Federal Rules of Civil Procedure, Plaintiff may amend her pleading under these circumstances "only with the opposing party's written consent or the court's leave." A court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Here, the Court notes that Plaintiff's Complaint has already been amended twice—first to change the name of Defendant West Virginia Department of Corrections and Rehabilitation ("WVDCR"), and next in accordance with a motion for a more definite statement. *Am. Mot. for Leave to File Am. Compl.*, ECF No. 41, at 3. Both these amendments occurred before Defendant WVDCR removed the case to this Court. *Id.* Since removal, several sets of Defendants have moved for dismissal of various portions of the Second Amended Complaint. *See Mots. to Dismiss*, ECF Nos. 4, 14, 27. In her Response to Defendant WVDCR's Motion to Dismiss, Plaintiff concedes that the Second Amended Complaint is "not a model of clarity" and "request[ed] leave of court to amend the [Second Amended Complaint] to conform [sic] many of the above issues, add factual clarity, and to add a claim of intentional infliction of emotional distress against the WVDCR." *Resp. to WVDCR Mot. to Dismiss*, ECF No. 21, at 11. Plaintiff followed this request with the assurance that she would "file a separate motion discussing the law." *Id.* This Response was filed on August 30, 2019; Plaintiff did not file her original motion for leave to amend until October 15, 2019.

Troubled though the Court may be by Plaintiff's pattern of delayed responses and filings,[1] it recognizes that "delay alone is not sufficient reason to deny leave to amend." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Indeed, the "law is well settled that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."

---

[1] Plaintiff requested—and the Court granted—two separate extensions to file a Response in Opposition to Defendant WVDCR's Motion to Dismiss, as well as one extension to file a Response in Opposition to Defendants Jimmy Pine and Ricky Gaberielse's Motion to Dismiss. *See Mots. to Extend Deadline*, ECF Nos. 8, 18, 34. The Court is sympathetic to other demands on counsel's time, but is also mindful of its duty to "manage [its] docket . . . with a view toward the efficient and expedient resolution of cases." *Abdul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018).

*Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999) (internal quotations omitted) (emphasis in original). In this case, the Court sees no indication of bad faith on Plaintiff's part. The proposed amendments are not obviously futile, and in fact appear to lend a greater degree of clarity to many of Plaintiff's claims. Nor will the proposed Third Amended Complaint prejudice Defendants as this action moves forward.

The Court accordingly **GRANTS** Plaintiff's Amended Motion for Leave to File Amended Complaint, ECF No. 41, and **DENIES AS MOOT** her original Motion for Leave to File Amended Complaint, ECF No. 38. The Third Amended Complaint, ECF No. 41-1, thus replaces the Second Amended Complaint, ECF Nos. 1-1, 1-2, and renders it a nullity. *See Fawzy v. Wauquiez Boats SNC*, 973 F.3d 451, 453 (4th Cir. 2017). Insofar as "motions directed at superseded pleadings are to be denied as moot," *Skibbe v. Accredited Home Lenders, Inc.*, No. 2:08-cv-01393, 2014 WL 2117088, at *3 (S.D.W. Va. May 21, 2014), Defendants' three pending Motions to Dismiss, ECF Nos. 4, 14, 27, are also **DENIED AS MOOT**. Defendants are, of course, free to refile their Motions to Dismiss with reference to the Third Amended Complaint.

ENTER: November 1, 2019

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE