IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KATHLEEN JEFFERS, individually
and as Administratrix of the Estate of
Bradley Siders, II, deceased,

                Plaintiff,

v.                                      CIVIL ACTION NO. 3:19-0462

WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION, formerly West Virginia
Regional Jail and Correctional Facility Authority;
OFFICER RICKY GABERIELSE, individually and as an
agent of West Virginia Division of Corrections and Rehabilitation;
OFFICER JIMMY PINE, individually and as an agent
of West Virginia Division of Corrections and Rehabilitation;
PRIMECARE MEDICAL OF WEST VIRGINIA, INC.;
PSIMED CORRECTIONS, LLC;
ANITA PETITTE, individually and as an employee of
Primecare Medical of West Virginia, Inc. and/or PSIMED
Corrections, LLC; and
JOHN and JANE DOE or DOES,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Motion to Amend Fed. R. Civ. P. 26(a)(2) Disclosures and Defendants' Joint Objection to Affidavit of Andrea Orvik, M.D. For the reasons stated below, the Court **GRANTS** Plaintiff's Motion (ECF No. 146) and **DENIES** Defendant's Objection (ECF No. 139).

## I. BACKGROUND

On July 7, 2017, the West Virginia Deputy Chief Medical Examiner, Dr. Andrea Orvik, examined Bradley Siders' body and prepared a Report of Death Investigations and Post-Mortem Examination Findings. *Orvik Report*, ECF No. 146-1. In this Autopsy Report, Orvik opined that

-1-

Mr. Siders "died as a result of complications of excited delirium due to methamphetamine intoxication and schizophrenia." She concluded that the manner of death was an "accident," but did not address the proximate cause of Siders' death. Siders' mother, Kathleen Jeffers, initiated this suit about a year later on August 24, 2018.

In April 2021, Defendants filed their motions for summary judgment. Defendants West Virginia Division of Corrections and Rehabilitation, PrimeCare Medical, and PSIMED Corrections each argue that summary judgment is warranted because Plaintiff failed to disclose an expert witness qualified to testify as to causation. In response, Plaintiff asserted for the first time that she expects Orvik to testify about proximate cause and proffered an affidavit dated May 6, 2021. In this affidavit, Orvik opines that "had Mr. Siders been prohibited access to water and had medical care been provided, he would have lived." *Orvik Aff.*, ECF 134-20. Orvik formed this opinion based on the findings in her Autopsy Report. Specifically, Orvik cited Siders' low chlorine and sodium levels as evidence of water intoxication. Plaintiff admits that this opinion was not previously disclosed to Defendants, but now seeks to correct the record. Defendants, on the other hand, oppose Plaintiff's motion and argue that Orvik's affidavit constituted an unfair surprise.

## II. ANALYSIS

The Parties seemingly agree that Plaintiff was not required to submit a written report from Orvik because she was not retained pursuant to this litigation. *See* Rule 26(a)(2) advisory committee's note to 1993 amendment ("The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony."). "[I]f the witness is not required to provide a written report," Federal Rule of Civil Procedure 26(a)(2)(C) requires the party to disclose (1) the subject matter on which the

witness is expected to present, and (2) a summary of facts and opinions to which the witness is expected to testify. The Court finds that Orvik's affidavit provides a sufficient summary of her opinion on proximate cause for the purposes of this rule. However, Plaintiff concedes that this disclosure was untimely because she mistakenly omitted Orvik from her January 29, 2021, disclosure (ECF No. 106). Therefore, the issue before the Court is whether leave to amend is warranted. The Court will analyze this question alongside Defendants' request for sanctions.

Under Federal Rule of Civil Procedure 16(f), a court may issue sanctions (including exclusion of evidence) if a party fails to comply with a scheduling order. Likewise, under Fed. R. Civ. P. 37(c), if a party fails to disclose witnesses in compliance with Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." District courts have broad discretion to issue sanctions when a party fails to timely disclose evidence, but courts typically consider the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Foodbuy, LLC v. Gregory Packaging, Inc.*, 987 F.3d 102, 117 (4th Cir. 2021) (citing *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)) (noting that district courts are never required "to tick through each of [these] factors.").

Here, Defendants argue that Plaintiff's failure to disclose has resulted in unfair surprise because Orvik's opinion regarding proximate cause was not in her Autopsy Report. Accordingly, Defendants' experts did not have the opportunity to evaluate Orvik's opinion, nor were Defendants able to depose Orvik. Defendants further argue that this prejudice is incurable because Plaintiff waited until after Defendants filed their motions for summary judgment to disclose Orvik's

opinion. Lastly, according to Defendants, this failure was more than simple inadvertence. Despite Defendants' previous written discovery requests for this information and Plaintiff's promise to supplement her responses, Plaintiff never disclosed Orvik's opinion. Defendants asserts that Plaintiff's failure to provide a satisfactory explanation for her omission warrants sanctions in the form of an order striking Orvik's affidavit from the record.

Although the Court agrees that Plaintiff has failed to provide a satisfactory explanation for her failure to timely disclose, the Court cannot conclude that sanctions are warranted. Any prejudice caused by Plaintiff's failure to disclose is outweighed by the importance of the evidence. As Defendants acknowledge in their motions for summary judgment, without a qualified expert to testify as to proximate cause, several of Plaintiff's claims must be dismissed. The Court finds that exclusion of Orvik's affidavit and the likely dismissal of Plaintiff's claims are disproportionately harsh penalties for an untimely disclosure.

In addition, the Court is not convinced that Orvik's opinion was unfairly surprising to Defendants. Defendants clearly understood Plaintiff's theory of causation to be water intoxication. Defendants' own experts considered and ruled out (albeit, summarily) this theory. Moreover, WVDCR's own investigation reports (ECF No. 142-5) implicate water intoxication where several witnesses reported seeing or hearing Siders excessively drinking water and vomiting in the hours preceding his death. To the extent that Defendants would like their experts to specifically address Orvik's affidavit, the Court finds that supplementing their reports may be appropriate relief.

### III. CONCLUSION

For the above stated reasons, the Court **GRANTS** Plaintiff's Motion (ECF No. 146) and **DENIES** Defendant's Objection (ECF No. 139).

The Clerk is **DIRECTED** to send a copy of this order to counsel of record and any unrepresented parties.

ENTER: June 8, 2021

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE